IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DANIEL SERNA ESPINOSA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-455-KC |
| | § | |
| **TODD M. LYONS et al.,** | § | |
| | § | |
| Respondents. | § | |

# ORDER

On this day, the Court considered Daniel Serna Espinosa's Petition for a Writ of Habeas Corpus, ECF No. 1. Serna Espinosa is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his immediate release or a bond hearing. *Id.* at 12–20.

Serna Espinosa is the beneficiary of deferred action through an approved Special Immigrant Juvenile Status ("SIJS") application since July 9, 2025. *Id.* ¶ 43. Despite this, he was subsequently apprehended and detained. *See id.* ¶¶ 1–2, 47. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Serna Espinosa's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1, 10–13 (W.D. Tex. Oct. 2, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Serna Espinosa's case warrant a different outcome." *Id.*

Respondents argue that Serna Espinosa's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1, ECF No. 3.

Serna Espinosa argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory and constitutional due process grounds. Pet. 12–20. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Serna Espinosa's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Serna Espinosa's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–24, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago*, 2025 WL 2792588, at *10–13; *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 674, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences

between Serna Espinosa's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Serna Espinosa's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

As to the appropriate remedy, the Court has previously held that, where the government has no legitimate interest in detaining the petitioner, immediate release is warranted. *See, e.g.*, *Santiago*, 2025 WL 2792588, at *13. *Buenrostro-Mendez* does not require a different result. *Cf. Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1). Here, Respondents do not explicitly identify any interest in detaining Serna Espinosa. *See generally* Resp. And because he cannot be removed, Respondents do not have any legitimate interest in his continued detention. *Santiago*, 2025 WL 2792588, at *13. Therefore, "immediate release is warranted." *Id.* at *14.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Serna Espinosa's Petition is **GRANTED** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before March 5, 2026**</u>, Respondents shall **RELEASE** Serna Espinosa from custody and **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, <u>**on or before March 5, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Serna Espinosa has been released from custody.

<u>**There will be no extensions of the March 5, 2026, deadlines**</u>.

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**SO ORDERED**.

**SIGNED this 26th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE